# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONET TRANSPORTATION AND LOGISTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BUSH TRUCK LEASING, INC.,; and VEHICLE TITLING TRUST, <br><br> Defendants. | CASE NO. 18cv2203 JM(BLM) <br><br> ORDER GRANTING MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF OHIO |

Defendants Bush Truck Leasing, Inc. ("Bush") and Vehicle Titling Trust ("VIT") move to dismiss the complaint for improper venue or, alternatively, (1) for a convenience transfer to the Southern District of Ohio or (2) to dismiss the action for failure to state a claim. Plaintiff Sonet Transportation and Logistics, Inc. ("Sonet") opposes the motions. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to transfer the action to the Southern District of Ohio, and denies all other pending motions as moot.

## BACKGROUND

On September 21, 2018, Plaintiffs commenced this diversity action by alleging three causes of action: (1) fraud in concealment; (2) breach of fiduciary duty; and (3) breach of good faith and fair dealing. (ECF 1). Sonet, a California corporation with

its principal place of business in San Diego, California, is "engaged in the trucking industry, providing transportation to its customers." (Compl. ¶10). Defendants Bush and VIT, citizens of Ohio, are engaged in the business of financing and leasing commercial vehicles.

Commencing in 2015 and continuing into 2016, Sonet leased 28 delivery trucks from Defendants, with Defendants as the registered owners of the trucks. Under the leases, Sonet was responsible for all maintenance and repairs. All trucks contained engines manufactured by non-party Cummins, Inc. Beginning in 2016, the trucks began experiencing engine problems. These engine problems caused Sonet to incur additional expenses for towing costs, repair and replacement costs, lost revenue, loss of customers, and damage to its reputation. (Compl. ¶17). Plaintiff alleges that the additional costs were incurred because of a defect in the engines manufactured by Cummins. Inc. Specifically, Plaintiff alleges that the ceramic coated fuel pump would slowly disintegrate causing significant damage to the engine. (Id.).

In the summer of 2017, Sonet learned that in May 2014, Cummins issued a Technical Service Bulletin ("Bulletin") to all distributors and owners of trucks with the defective fuel pump. The Bulletin advised registered owners of the trucks that the ceramic fuel pump would slowly disintegrate, causing significant damage if left unreplaced. (Compl. ¶19). Cummins also allegedly offered an inexpensive and simple replacement of the fuel pump. Plaintiff alleges that the Bulletin was not available to the general public, and Defendants did not inform Sonet of the defect. As a consequence, Sonet has spent over $600,000 to repair the damages caused by the allegedly defective fuel pump.

Each lease agreement contains a forum selection clause identifying either Montgomery County Ohio (19 of the 28 lease agreements) or the state of Delaware (9 of the 28 lease agreements) as the appropriate forum for resolving the parties' claims. Rather than commence the action in one of the designated forums, Sonet commenced the action in this judicial district.

## DISCUSSION

Defendants move to transfer this action to the Southern District of Ohio.[1] Under 28 U.S.C. §1404(a), the court may transfer an action to any other district or division where it might have been brought "[f]or the convenience of the parties and witnesses and in the interest of justice." Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp, 820 F.Supp. 503, 506 (C.D. Cal. 1992). A convenience transfer under §1404(a) requires the court to assess a variety of factors and "involves subtle considerations and is best left to the discretion of the trial judge." Sparling v. Hoffman Construction, 864 F.2d 635, 639 (9th Cir. 1988). The court may consider the convenience of the parties and witnesses, and the promotion of judicial efficiency and economy in determining whether to transfer an action. Id. Private factors to be considered include the location where the operative events occurred, the convenience of the parties and non-party witnesses, the location of relevant evidence, the availability of compulsory process, and other practical considerations for the efficient and cost-effective resolution of claims. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Courts also look to the so-called public factors such as relative docket congestion, the local public and jury pool's interest in the controversy, and issues relative to judicial economy. Id. at 508-09. Defendant has the burden of demonstrating that transfer is appropriate, see Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1981), and the court accords substantial weight to a plaintiff resident's choice of venue. Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). However, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," plaintiff's choice "is entitled to only minimal consideration." Lou v. Belzerg, 834 F.2d 730, 739 (9th Cir. 1987).

Here, the court concludes that, on balance, a venue transfer is warranted under

---

[1] The parties do not dispute that venue under the general venue statute, 28 U.S.C. §1391, is appropriate in the Southern District of Ohio.

the circumstances to promote the fair and efficient resolution of Plaintiff's claims. The most important consideration, the convenience of parties and witnesses, favors transfer. The events giving rise to Plaintiff's claims bear a substantial relationship to Indiana, the state where Cummins is located and its engines produced, and Ohio, the state of Defendants' citizenship. In broad brush, the thrust of Plaintiff's claim is that Cummins communicated information about the defective fuel pump to Defendants in Ohio, and Defendants failed to communicate that information to Sonet in San Diego. Witnesses, evidence, and documentation concerning the defective fuel pump, and related alleged omissions, are located in Indiana and Ohio, and only tangentially related to California.

In response, Plaintiff contends that the leases were executed in San Diego and the trucks delivered, inspected, and repaired in San Diego. Plaintiff focuses on the contacts of Defendants to the present forum and not on venue considerations such as the residence of Defendants and the location where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b)(2). A substantial part of the challenged conduct at issue occurred outside the present forum.

Furthermore, the parties, by contract, selected Ohio as the appropriate venue for 19 of the 28 leases and Delaware for nine of the leases. The majority of the leases selected Ohio as the appropriate forum, and Ohio has a stronger connection to this litigation than the present forum. See Atl. Marine Constr. Co. v. U.S. District Court, 571 U.S. 49, 63 (2013) ("a valid forum-selection clause should be given controlling weight in all but the most exceptional cases"). This factor overwhelmingly supports transfer to the Southern District of Ohio.

With respect to the public considerations, the factors are neutral at best. The parties do not identify that one judicial district is more overburdened than the other. The public factors do not favor one forum over the other.

In sum, the court finds that a convenience transfer is warranted under the circumstances to promote the convenience of the parties and witnesses and serves the interests of justice.

The court grants the motion for a venue transfer to the Southern District of Ohio, denies all other pending motions as moot, and instructs the Clerk of Court to transfer the action to the Southern District of Ohio.

**IT IS SO ORDERED.**

DATED: January 24, 2019

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties